## KNIPP *v.* HARRIS.

CONTRACTS; MASTER AND SERVANT; DAMAGES.

Where a contract of employment at a specified rate per week provides that it shall continue in full force from year to year, provided that after the first year it may be terminated by either party by notice to take effect at the end of any year and to be given not less than two months prior to such end of the year, it is a contract of employment from year to year; and where the employer discharges the employee four days before the expiration of the first year, he is liable in damages for the loss sustained by the employee during the second year, the measure of which is the weekly rate of compensation provided for by the contract, during unemployment, and the difference between that rate and the compensation actually received, while employed.

No. 2950. Submitted October 13, 1916. Decided November 14, 1916.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in

---

NOTE.—On duration of contract of hiring which specifies no term, but fixes compensation at a certain amount per day, week, month, or year, see notes in 25 L.R.A.(N.S.) 529, and 51 L.R.A.(N.S.) 620.

On remedy of wrongfully discharged servant by action for damages for breach of contract, see note in 6 L.R.A.(N.S.) 50.

an action to recover damages for breach of a contract of employment.                                        *Affirmed.*

The Court in the opinion stated the facts as follows:

Appellants, Charles J. Knipp, Walter Knipp, Frank H. Knipp, partners, trading as John C. Knipp & Sons, defendants below, employed plaintiff, William H. Harris, to manage a furniture and drapery business in the city of Washington under a written contract, the material provisions of which are as follows: "The said John C. Knipp & Sons agree to pay to said William H. Harris for his services as manager 40 per cent of the net profits of the Washington business after deducting all expenses of conducting said business, and to guarantee to pay him on account of his services the sum of thirty dollars ($30) per week in weekly instalments beginning with the first day of August, 1907, and the balance on the first day of August, 1908. * * * It is further agreed by the parties hereto that this agreement shall continue in full force and effect from year to year, provided that after the first year the same may be terminated by either party by notice to take effect at the end of any year and to be given not less than two months prior to such end of the year."

Within four days of the end of the first year, defendants paid plaintiff the balance due him for one year's service at $30 per week, took possession of the business, and terminated the contract. Plaintiff sued for damages under his contract. The court below found from undisputed facts that plaintiff was out of employment from August 1, 1908, to January 1, 1909, when he was compelled to accept employment at $25 per week. The court instructed the jury to return a verdict for an amount equal to $30 per week during the time plaintiff was out of employment and $5 per week from January 1, 1909, to August 1, 1909, the date of the end of the second year of the contract. Judgment for this amount was entered, from which this appeal was taken.

*Mr. M. J. Colbert* for appellants.

*Mr. Henry E. Davis, Mr. Hayden Johnson,* and *Mr. Jos. A. Herbert, Jr.,* for appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We think that under the contract plaintiff was employed from year to year. His employment could only be terminated by two months' notice prior to the expiration of any year. This method of terminating the contract was open to defendants at the end of the first year had it been adopted, but, failing to avail themselves of this privilege, they were bound to continue the employment for another year, or abide the consequences.

The method of arriving at the verdict was right, and, though the trial judge reached his conclusion, as expressed in his instructions to the jury, from a slightly different construction of the contract than that here announced, the result is the same.

The judgment, therefore, is affirmed with costs.

*Affirmed.*